J-S02008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DERRICK LAWRENCE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | No. 1385 MDA 2019 |

Appeal from the Order Entered May 2, 2019
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2018-13176

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 13, 2020**

Appellant, Derrick Lawrence, appeals *pro se* from the trial court's May 2, 2019 order denying his petition for writ of *habeas corpus* (hereinafter "*habeas* petition").  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to the issues he raises herein.  We need only note that in July of 1994, Appellant was charged with one count of criminal homicide, 18 Pa.C.S. § 2501(a).  He proceeded to a jury trial in February of 1995, at the close of which he was convicted of first-degree murder, 18 Pa.C.S. § 2502(a).  He was sentenced on April 21, 1995, to life imprisonment without the possibility of parole.  Appellant filed a timely direct appeal, and after we affirmed his judgment of sentence, our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Lawrence***, 683 A.2d 312 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 698 A.2d 592 (Pa. 1997).  Appellant thereafter

filed several petitions under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, all of which were denied.

On November 20, 2018, Appellant filed the *pro se habeas* petition underlying his present appeal. Therein, he challenged the constitutionality of 18 Pa.C.S. § 2501(a) ("A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being."), and 18 Pa.C.S. § 1102(a) (stating that a person convicted of first-degree murder "shall be sentenced to death or to a term of life imprisonment"). **See** Writ of *Habeas Corpus*, 11/20/18, at 1 (unnumbered). Specifically, Appellant contended that section 2501(a) is "void for vagueness" because it does not provide notice of the *mens rea* necessary to convict a person of first-degree murder under 18 Pa.C.S. § 2502(a) (defining first degree murder as "an intentional killing"). Appellant also averred that section 1102(a) "is unconstitutional under the void for vagueness doctrine because the statute fails to give a person of ordinary intelligence fair notice that its penalty is not 'a term of life imprisonment' … but, in reality, its true penalty is 'a term of life imprisonment[] without parole[.'"] **Id.** at 3 (unnumbered; emphasis omitted).

On April 9, 2019, the trial court conducted a hearing on Appellant's *habeas* petition. On May 2, 2019, the court issued an order and opinion denying it. Appellant filed a timely, *pro se* notice of appeal. The court did not order him to file a Pa.R.A.P. 1925(b) concise statement of errors complained

of on appeal. The court relied on its May 2, 2019 opinion to satisfy Rule 1925(a).

While typically, we would set forth the issues that Appellant presents on appeal, we cannot do so because he has failed to include a Statement of the Questions Presented section in his appellate brief, as required by Pa.R.A.P. 2116. Appellant has also omitted a Statement of the Case (Pa.R.A.P. 2117), Summary of the Argument (Pa.R.A.P. 2118), or Argument (Pa.R.A.P. 2119). Instead, he has merely presented seven pages of numbered paragraphs, with no delineation of specific issues or arguments. Based on Appellant's noncompliance with our appellate briefing rules, we deem his issues waived. *See Commonwealth v. Spuck*, 86 A.3d 870, 876-77 (Pa. Super. 2014) (finding all of the appellant's claims waived due to his failure to draft his brief in accordance with the appellate rules).

Nevertheless, we note that even had Appellant preserved the claims set forth in his *habeas* petition, we would conclude that the trial court properly denied it. Initially, we recognize that,

> [i]t is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. 42 Pa.C.S. § 9542; *Commonwealth v. Haun*, … 32 A.3d 697 ([Pa.] 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* [*Commonwealth v.*] *Fahy*, [737 A.2d 214,] 223–224 [(Pa. 1999)]; *Commonwealth v. Chester*, … 733 A.2d 1242 ([Pa.] 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. *See Commonwealth v. Peterkin*, … 722 A.2d 638 ([Pa.] 1998); *see also Commonwealth v. Deaner*, 779 A.2d 578 (Pa. Super. 2001) ([stating that] a

collateral petition that raises an issue that the PCRA statute could remedy is to be considered a PCRA petition). Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*

***Commonwealth v. Taylor***, 65 A.3d 462, 465–66 (Pa. Super. 2013)

Here, the PCRA court concluded, and the Commonwealth concedes, that Appellant's claims are not cognizable under the PCRA. ***See*** Trial Court Opinion, 5/2/19, at 5; Commonwealth's Brief at 5. We agree. In ***Commonwealth v. Rouse***, 191 A.3d 1 (Pa. Super. 2018), we held that Rouse's claim that 18 Pa.C.S. § 1102(b) was "void for vagueness, in violation of his due process rights under the Constitution of the United States and/or of this Commonwealth" was *not* cognizable under the PCRA and, thus, Rouse properly raised it in a *habeas* petition. ***Id.*** at 2, 6. However, we concluded that Rouse's claim was subject to waiver, explaining:

> "*Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available." ***Commonwealth ex rel. Johnson v. Bookbinder***, … 247 A.2d 644, 646 ([Pa. Super.] 1968). As [Rouse's] claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*. Accordingly, we deem his claim waived and, therefore, affirm the trial court's order dismissing his petition on that basis.

***Id.*** at 6-7.

We would apply the same rationale to Appellant's *habeas* claims. Clearly, Appellant could have challenged the constitutionality of sections 2501 and 1102 in a post-sentence motion or on direct appeal. Because he did not,

***Rouse*** would require us to deem his claims waived, and affirm the order dismissing his *habeas* petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/13/2020